**JOHNSON et al. v. CHESAPEAKE & O. RY. CO.**

No. 6213.

United States Court of Appeals
Fourth Circuit.

Argued April 3, 1951.

Decided April 10, 1951.

Henry E. Howell, Jr., Norfolk, Va. (Jett, Sykes & Howell, Norfolk, Va., on brief), for appellants.

Hewitt Biaett, Richmond, Va. (Leigh D. Williams, Norfolk, Va., and Horace L. Walker, Richmond, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an injunction to restrain the Chesapeake and Ohio Railway Company from abandoning its ferry boat passenger service between Newport News and Norfolk and Portsmouth in the State of Virginia. The abandonment of this service had been authorized by the State Corporation Commission of Virginia; but injunction was sought because the abandonment had not been authorized by the Interstate Commerce Commission. The plaintiffs in the court below, appellants here, were two individuals, one an engineer on one of the ferry boats which had been operated in the service, the other a dentist in the City of Norfolk. Neither alleged or proved any such interest in the continuance of the ferry service as would give them standing in court to maintain a suit of this character. L. Singer & Sons v. Union Pacific Railroad Company, 311 U.S. 295, 61 S.Ct. 254, 259, 85 L.Ed. 198. As was well said by Mr. Justice Frankfurter in the case cited: "Who then is a 'party in interest'? As a part of the very system through which the national policy is to be achieved, a railroad has been deemed by this Court a 'party in interest' to effectuate the railroad policy introduced by the licensing system of the Transportation Act. Texas & Pacific Ry. Co. v. Gulf, C. & S. F. Ry. Co., 270 U.S. 266, 277, 46 S.Ct. 263, 266 70 L.Ed. 578; Western Pacific R. Co. v. Southern Pacific Co., 284 U.S. 47, 52 S.Ct. 56, 76 L.Ed. 160. And one who in a proceeding initiated before the Interstate Commerce Commission has been treated by it as a party to the litigation, cf. Los Angeles Passenger Terminal Cases, 100 I.C.C. 421; Id., 142 I.C.C. 489; Atchison, T. & S. F. Ry. Co. v. Railroad Commission, 283 U.S. 380, 393, 394, 51 S.Ct. 553, 556, 557, 75 L.Ed. 1128, may perhaps be deemed a 'party in interest' in the further pursuit of claims before a court after adverse action by the Commission. Compare Interstate Commerce Comm. v. Oregon-Washington R. Co., 288 U.S. 14, 53 S.Ct. 266, 77 L.Ed. 588, and Federal Communications Commission v. Sanders Bros. Radio Station, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869, [1037]. But to allow any private interest to thresh out the complicated questions that arise out of § 1 (18–22)—as, for instance, whether a proposed construction is an 'extension' or a

'spur', compare Texas & Pacific Ry. Co. v. Gulf, C. & S. F. Ry. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578—is to invite dislocation of the scheme which Congress has devised for the expert conduct of the litigation of such issues. It also would put upon the district courts the task of drawing fine lines in determining when a private claim is so special that it may be set apart from the general public interest and give the claimant power to litigate a public controversy. These inquiries are so harassing and unprofitable as to be avoided, unless Congress has explicitly cast the duty upon the courts. Against any such implication, in the absence of rather plain language, the whole course of federal railroad legislation and the relation of the Interstate Commerce Commission to it admonishes. The interests of merely private concerns are amply protected even though they must be channelled through the Attorney General or the Interstate Commerce Commission or a state commission."

The judgment and order of the District Court will be vacated and the cause will be remanded with direction that it be dismissed for lack of jurisdiction.

Judgment vacated and cause remanded with direction to dismiss.